**HEFLIN et al. v. DICKSON.**

**No. 994.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 27, 1950.

Decided Dec. 19, 1950.

Robert S. Caviness, Washington, D. C., for appellants.

Ernest C. Dickson, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiff-appellee, a real estate broker, sued defendant-appellants for a commission. The trial court entered a general finding and judgment for plaintiff for the amount claimed.

Accepting plaintiff's testimony in its most favorable light, the facts established were as follows. Defendants by written agreement gave plaintiff the exclusive right to sell certain property "for the price of $18,-500 upon the following terms. $12,000.00 including 1st trust money cash and balance to be secured by mortgage or mortgages thereon with interest at 6 per cent * * *."

The agreement, dated August 8, 1948, provided that plaintiff's agency should continue until terminated by thirty days' notice in writing. Such notice was given August 9. On August 26 plaintiff secured a written offer to purchase the property at a price of $18,500, the prospective purchaser agreeing to pay $3,500 in cash and "to assume, give, place, take title subject to, a first deed of trust" of $8,500, "due ........, 19......, bearing interest at the rate of ...... per cent per annum, payable Monthly, to be secured by the Building Loan Assc." The offer further provided:

"The balance of deferred purchase money is to be secured by a Second deed of trust on said property, to be paid in monthly installments of Fifty Dollars ($50.00), or more, including interest at the rate of 5 per cent per annum, each installment when so paid to be applied, first, to the payment of interest on the amount of principal remaining unpaid and the balance thereof credited to principal."

Plaintiff presented the offer to defendants who objected that it called for five instead of six per cent interest on the second trust. They told plaintiff to leave the offer with them but to see if he could get six per cent interest. On September 8 plaintiff took to defendants a letter signed by the prospective purchaser authorizing him to change the second trust interest rate from five to six per cent, and plaintiff so changed the

offer. Defendants neither rejected nor returned the offer.

The prospective purchaser· testified he signed the offer and authorized the change in the interest rate, that he had secured commitments for the first trust money, and that he had sufficient cash· together with the first trust commitments to pay the $12,000 cash called for under his offer.

As no sale was made by defendants during the existence of the exclusive agency and the offer presented by plaintiff was never accepted by defendants, in order for plaintiff to be entitled to recover a commission it was necessary for him to show that he secured a purchaser ready, willing and able to buy on defendants' terms. Assuming that the agency agreement was sufficiently definite as to the first trust and that the offer met the requirements with respect thereto, the agreement was so vague concerning the manner and time of payment of the second trust that it cannot be said to contain authorized terms which defendants were bound to accept. Certainly they did not bind themselves to accept any second trust regardless of the time it was to run or the payments to be made thereon. The question therefore is whether the offer presented was in accord with terms orally authorized by defendants.

There was no testimony that defendants ever agreed to accept a second trust on the terms set forth in the offer, or ever accepted the offer or expressed their willingness to accept it. The substance of the matter is that defendants never authorized any specific terms as to the second trust. The question of the terms of the second trust was left open and consequently was subject to their approval, which approval they never gave.

It is true that plaintiff testified that the only objection made to the offer was the rate of interest on the second trust and that this was changed to meet the objection. But without more than appears in this record it cannot be held that by objecting to only one item in the offer defendants bound themselves to accept the offer if changed to meet that objection.

Defendants testified they refused to accept the offer because the second trust would run for too long a time. There was testimony that a $6,500 trust bearing six per cent interest payable $50 per month would require nearly eighteen years for final payment. While a long-term second trust may not be a rarity in this jurisdiction, still it cannot be said that defendants' objection was capricious or arbitrary.

Our conclusion is that plaintiff never obtained a purchaser ready, able and willing to buy on terms authorized by or acceptable to defendants and therefore never earned a commission.

Reversed.